UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| VANESSA ANDERSON, individually and on behalf of a class of similarly situated persons, | ) ) ) ) | |
| *Plaintiff*, | ) ) | |
| vs. | ) ) | Case No. _____ |
| WILCO LIFE INSURANCE COMPANY, | ) ) ) ) | |
| *Defendant*. | ) | |

## NOTICE OF REMOVAL

Defendant, Wilco Life Insurance Company ("Wilco Life"), hereby removes this action from the Superior Court of Columbia County, Georgia, pursuant to the Class Action Fairness Act § 28 U.S.C. §§ 1332(d), 1453(b), 1711-1715 ("CAFA"). In support of removal, Wilco Life states the following:

## THE STATE COURT ACTION

1. Plaintiff, Vanessa Anderson, initiated this putative class action by filing a "Class Action Complaint" in the Superior Court of Columbia County, Georgia on December 5, 2018. This action was pending in the state court as Case Number 2018ECV0446.

2. According to her complaint, Plaintiff was once the holder and owner of a universal life insurance policy issued in 2001 by Conseco Life Insurance Company, which is Wilco Life's predecessor. *See* Class Action Compl. ¶ 38. She alleges that Wilco Life breached her policy, and the implied duty of good faith and fair dealing, by increasing the

1

cost-of-insurance ("COI") rates applicable to her policy based on factors not permitted by the policy. *Id.* at ¶¶ 58-72. She alleges that the COI rate increase raised the premiums required to keep her policy in force to levels she could not afford, ultimately causing the policy to lapse. As relief, she seeks actual damages, pre and post-judgment interest, attorneys' fees, costs, and a declaratory judgment and injunction requiring Wilco Life to (i) reverse the allegedly illegal COI rate increase, and (ii) reinstate the policy that lapsed as a result.

3. Plaintiff seeks this relief on behalf of herself, and a statewide class of:

> All Georgia residents who own or owned universal or flexible premium adjustable life insurance policies issued or administered by Wilco Life Insurance Company, or its predecessors in interest, that contain the same or substantially the same Cost of Insurance Rates language as the Plaintiff's policy, and whose cost of insurance rates were increased by Wilco between December 6, 2012 and the date when the Court decides Plaintiff's motion for class certification. Excluded from the Class are (a) policy owners who have previously released claims for COI increases and (b) Wilco, its affiliates, subsidiaries, agents, board members, directors, officers and employees.

*Id.* at ¶ 45.

## REMOVAL IS TIMELY

4. Plaintiff served a summons and complaint on Wilco Life on or after December 12, 2018. Removal is timely because this notice was filed within thirty days after Wilco Life was first served with a copy of the summons and complaint. *See* 28 U.S.C. §§ 1453(b), 1446(b)(1); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) (holding that the removal deadline is triggered by formal service of process).

## **SUBJECT MATTER JURISDICTION EXISTS**

5. This Court has ordinary diversity jurisdiction over this action and jurisdiction under CAFA.

**A.   Diversity Jurisdiction**

6. The Court has diversity jurisdiction because Plaintiff and Wilco Life are citizens of different states, and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

7. Plaintiff and Wilco Life are citizens of different states. Plaintiff alleges that she is a resident of the State of Georgia, and presumably she intends to reside there permanently. *See* Class Action Compl. ¶ 4. Consequently, at the time of filing of the complaint and the time of removal, Plaintiff is a citizen of Georgia. Wilco Life, on the other hand, is a corporation organized under Indiana law with its corporate headquarters designated and located in Carmel, Indiana. Consequently, Wilco Life is a citizen of Indiana as of the time of the filing of the complaint and at the time of removal. *See* 28 U.S.C. § 1332(c)(1).

8. The amount in controversy exceeds the value of $75,000.00, exclusive of interest and costs, because Plaintiff seeks a declaratory judgment and injunction requiring Wilco Life to reinstate her now-lapsed policy, which had a death benefit of $150,000. *See* Class Action Compl. ¶ 44; Ex. A to Class Action Compl. at 3A (showing that the face amount of Plaintiff's policy is $150,000). When a plaintiff seeks relief that calls the enforceability of a life insurance policy into question, the amount in controversy is the death benefit that the life insurer must pay if the policy remains in force. *See Guardian Life Ins. Co. of Am. v. Muniz*, 101 F.3d 93, 94 (11th Cir. 1996) (per curiam) (holding that

the death benefit was the amount in controversy in an action by the insurer to cancel the policy); *In re Minn. Mutual Life Ins. Co. Sales Practices Litig.*, 346 F.3d 830, 834-35 (8th Cir. 2003) (holding that the death benefit was the amount in controversy because, if plaintiffs received the equitable relief they sought, the insurer would have to pay them the face value of their policies upon their death); *Badaracco v. John Hancock Life Ins. Co.*, 2012 WL 13034008 (D.N.J. May 7, 2012) (holding that the death benefit was the amount in controversy in an action by the insurer to declare his terminated policy in-force). Consequently, the amount in controversy with respect to just the named plaintiff is at least $150,000.

9. The amount in controversy for Plaintiff's damages claims for actual damages and attorneys' fees also is more likely than not to exceed the $75,000 amount in controversy, exclusive of interests and costs.

**B.   CAFA Jurisdiction**

10. This Court also has federal subject matter jurisdiction pursuant to CAFA, which vests federal district courts with original jurisdiction over civil actions filed on behalf of a class involving 100 or more proposed class members in which the aggregate amount in controversy exceeds the sum or value of $5 million and at least one plaintiff is diverse from one defendant. *See* 28 U.S.C. §§ 1332(d), 1453. Congress enacted CAFA to substantially expand federal court jurisdiction over class actions. *Dudley v. Eli Lilly & Co.*, 778 F.3d 909, 911 (11th Cir. 2014).

11. All of the prerequisites for CAFA jurisdiction are satisfied here.

12. First, Plaintiff filed this action pursuant to Georgia Code § 9-22-23, which, like Federal Rule of Civil Procedure 23, allows "one or more members of a class" to sue as

a representative "on behalf of all" members similarly situated. There is no dispute that the number of members in Plaintiff's proposed class exceeds 100. Plaintiff purports to sue on behalf of:

> All Georgia residents who own or owned universal or flexible premium adjustable life insurance policies issued or administered by Wilco Life Insurance Company, or its predecessors in interest, that contain the same or substantially the same Cost of Insurance Rates language as the Plaintiff's policy, and whose cost of insurance rates were increased by Wilco between December 6, 2012 and the date when the Court decides Plaintiff's motion for class certification. Excluded from the Class are (a) policy owners who have previously released claims for COI increases and (b) Wilco, its affiliates, subsidiaries, agents, board members, directors, officers and employees.

*Id.* at ¶ 45. Plaintiff admits that the size of the class is "reasonably estimated to number *in the hundreds*." *Id.* at ¶ 48 (emphasis added). In fact, the number of putative class members far exceeds 100. Plaintiff's policy is a "Conseco Indexed Universal Life 2" or "CIUL2" policy. According to Wilco Life's records, more than 100 CIUL2 policies issued in Georgia were impacted by the COI rate increase that is the subject of Plaintiff's lawsuit and therefore fit within Plaintiff's class definition.

13.     Second, at least one Plaintiff in the putative class is diverse from one defendant. As explained above, Plaintiff is a citizen of Georgia, and Wilco Life is a citizen of Indiana, at both the time of filing and at the time of removal. *See* 28 U.S.C. § 1332(c)(1).

14.     Finally, the aggregate amount in controversy exceeds the sum or value of $5 million. To satisfy its burden on removal, a defendant need only make "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(d), that includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014).

15. Here, the aggregate amount in controversy more likely than not exceeds the sum or value of $5 million, exclusive of interest and costs, because the aggregate face amount of Georgia CIUL2 policies that have lapsed or surrendered since June 1, 2013, far exceeds $5 million. As explained above, by seeking equitable relief asking this Court to reinstate those policies, Plaintiff has put the aggregate face amount of all those policies in controversy. *See* paragraph 9, *supra*.

16. In addition, from just July 1, 2015 to the present, Wilco Life has deducted nearly $3.5 million in COI charges from the cash value of Georgia CIUL2 policies. The total COI deducted from Georgia CIUL2 policies for the entire class period (dating back to December 6, 2012) is approximately double that amount. Those charges are far greater than the $5 million CAFA threshold. Removal is therefore proper.

## THE PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED

17. Removal to this Court is proper because this is the federal district and division embracing the Superior Court of Columbia County, Georgia, where this action was initially filed. 28 U.S.C. § 1441(a).

18. Wilco Life has attached a copy of all of the process, pleadings, and orders served on Wilco Life in the state court action as Exhibit 1. 28 U.S.C. § 1446(a).

19. As required by 28 U.S.C. § 1446(d), Wilco Life is filing a copy of this Notice of Removal with the clerk of the Superior Court of Columbia County, Georgia contemporaneously with the filing in this Court.

20. WHEREFORE, Wilco Life prays that the Court exercise jurisdiction over this action as allowed by law. Wilco Life is removing subject to, and without waiving any

defense or objection it may have to venue or the Court's ability to exercise personal jurisdiction over it.

Dated:  January 11, 2019          Respectfully Submitted,

/s/   *Elizabeth Campbell*
Elizabeth Campbell
Georgia Bar No. 349249
LOCKE LORD LLP
Terminus 200, Suite 1200
3333 Piedmont Road NE
Atlanta, GA 30305
T: (404) 870-4679
F: (404) 806-5679
ecampbell@lockelord.com

–and–

Carl C. Scherz (to be admitted)
Taylor Brinkman (to be admitted)
Anna K. Finger (to be admitted)
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
T: (214) 274-8079
F: (214) 740-8800
cscherz@lockelord.com
tbrinkman@lockelord.com
anna.k.finger@lockelord.com

**ATTORNEYS FOR WILCO LIFE INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

  I certify that on January 11, 2019, I served a copy of this document on Plaintiff's counsel of record via email and regular U.S. Mail to the email address and physical address shown below:

| | |
|---|---|
| R. Brent Irby, Esq.<br>McCallum, Hoagland & Irby, LLP<br>905 Montgomery Hwy, Suite 201<br>Vestavia Hills, AL 35216<br>birby@mhcilaw.com<br><br>*Attorney for Plaintiff* | Lee W. Brigham, Esq.<br>Bell & Brigham<br>457 Greene Street<br>PO Box 1547<br>Augusta, GA 30903-1547<br>lee@bellbrigham.com<br><br>*Attorney for Plaintiff* |

           /s/   *Elizabeth Campbell*
           Georgia Bar No. 349249