## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| VANESSA ANDERSON, individually and on behalf of a class of similarly situated persons, | ) ) ) ) | |
| *Plaintiff*, | ) ) | |
| vs. | ) ) | Case No. 1:19-cv-00008-JRH-BKE |
| WILCO LIFE INSURANCE COMPANY, | ) ) ) | |
| *Defendant*. | ) ) | |

## DECLARATION OF RANDY GREENWOOD

1.      My name is Randy Greenwood.  I am over twenty-one years old, of sound mind, and have never been convicted of a felony or a crime of moral turpitude.

2.      I am currently employed as the Operations Manager for Wilton Re, holding company for Wilco Life Insurance Company ("Wilco Life"), which was formerly known as Conseco Life Insurance Company ("Conseco Life"). The following statements are true and correct based on my personal knowledge, a review of the pertinent class allegation in Anderson's pleading, and based on my review of the non-privileged, the business records of Wilco Life.

3.      I understand that Plaintiff, Vanessa Anderson ("Anderson"), has filed a class action lawsuit against Wilco Life on behalf of herself and a putative class of:

> All Georgia residents who own or owned universal or flexible premium adjustable life insurance policies issued or administered by Wilco Life Insurance Company, or its predecessors in interest, that contain the same or substantially the same Cost of Insurance Rates language as the Plaintiff's policy, and whose cost of insurance rates were increased by [Wilco Life] between December 6, 2012 and the date when the Court decides Plaintiff's motion for class certification.  Excluded from the Class are (a) policy owners who have previously released claims for COI

1

increases and (b) [Wilco Life], its affiliates, subsidiaries, agents, board members, directors, officers, and employees.

4.      Anderson's policy is a Conseco Indexed Universal Life 2 or "CIUL2" policy. Effective July 1, 2011, Conseco Life increased cost-of-insurance rates on both CIUL2 policies and "Conseco Universal Life" or "CUL" policies.

5.      Five hundred eighty-one (581) Georgia CIUL2 policies have lapsed or were surrendered since the effective date of the cost-of-insurance increase complained of in Anderson's complaint.  The aggregate face amount of those policies to be created or reinstated and the corresponding death benefits payable on those policies is $76,314,499.00.   Forty-five (45) CUL policies have lapsed or were surrendered since the effective date of the cost-of-insurance rate increase complained of in Anderson's complaint.  The aggregate face amount of those policies to be created or reinstated and the corresponding death benefits payable on those policies is $4,767,287.00.

6.      From July 1, 2015 to the present, Wilco Life has deducted nearly $3.5 million in COI charges from the cash value of Georgia CIUL2 policies.  The total COI deducted from Georgia CIUL2 policies for the entire class period (dating back to December 6, 2012) is approximately double that amount. Additionally, if Plaintiff is permitted to disallow future increases to COI charges within the context of 5, 10, 15, and further years, and require them to revert back to rates prior to 2011, those charges would be greater than the $5 million.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 8, 2019.

_____
DECLARANT

2