IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| VANESSA ANDERSON, Individually and on Behalf of a Class of Similarly Situated Persons, | * * * * | |
| Plaintiff, | * * | |
| v. | * * | CV 119-008 |
| WILCO LIFE INSURANCE COMPANY, | * * * | |
| Defendant. | * * | |

**O R D E R**

Before the Court is Defendant Wilco Life Insurance Company's ("Wilco") unopposed motion to stay pending appeal. (Doc. 34.) Wilco seeks a stay of the Court's Order remanding this case to state court until the Eleventh Circuit Court of Appeals decides Wilco's petition for review. For the reasons set forth below, Wilco's motion to stay pending appeal is **GRANTED**.

**I. BACKGROUND**

Plaintiff Vanessa Anderson originally filed this putative class action in the Superior Court of Columbia County, Georgia. (See Compl., Doc. 1-1.) At issue are Wilco's "cost of insurance" ("COI") charges on certain life insurance policies held by Georgia residents. (See id. ¶¶ 1, 45.) On January 11, 2019, Wilco removed

the case to this Court alleging jurisdiction existed under 28 U.S.C. § 1332. (Notice of Removal, Doc. 1, ¶ 5.) Wilco invoked both ordinary diversity jurisdiction and jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"). (Id.)

After removal, Plaintiff filed a motion to remand the case to state court contending Wilco could not prove the requisite amount in controversy for either jurisdictional basis. (Doc. 21.) On June 20, 2019, the Court granted Plaintiff's motion and remanded this action back to the Superior Court of Columbia County, Georgia. (Order of June 20, 2019, Doc. 32.) The Court held Plaintiff and the class's request for reinstatement of their life insurance policies did not put the face value of those policies in the amount in controversy because it was too speculative to assume Wilco will be required to pay the face value on those policies. (See id. at 16.)

On July 1st, Wilco petitioned the Eleventh Circuit Court of Appeals for permission to appeal the Court's June 20th Remand Order. (See Petition, Doc. 34-1.) Now, Wilco moves this Court to stay the Remand Order pending the Eleventh Circuit's ruling on its appeal. (Doc. 34.) Wilco's motion states Plaintiff has no objection to granting a stay pending appeal.

## II. DISCUSSION

As an initial matter, the Court must determine whether it has jurisdiction to stay the June 20th Remand Order when it previously held that it lacked subject matter jurisdiction in this case. Ordinarily, a district court's decision to remand a case is not appealable. See 28 U.S.C. § 1447(d); see also Things Remembered, Inc. v. Petrarca, 516 U.S. 124, 127-28 (1995). However, under CAFA, federal appeals courts are expressly authorized to exercise their discretion to hear an appeal from a remand order "notwithstanding section 1447(d)." 28 U.S.C. § 1453(c). A party appealing a CAFA remand order must file an appeal within "10 days after entry of the order." Id.

Here, Wilco timely filed its petition for permission to appeal on July 1, 2019. Although this filing occurred eleven days after the Court's June 20th Remand Order, the ten-day deadline fell on a Sunday and Wilco filed its petition the next day. Therefore, under Federal Rule of Appellate Procedure 26(a)(1)(C), the petition was timely. Moreover, Wilco complied with Federal Rule of Appellate Procedure 5, which requires a party to file a permission to appeal. See Evans v. Walter Indus., Inc., 449 F.3d 1159, 1162-63 (11th Cir. 2006) ("[A] request for appeal under CAFA is subject to Fed. R. App. P. 5" and "[a] notice of appeal need not be filed").

Numerous district courts have found that limited jurisdiction exists to address a motion to stay pending appeal of a CAFA remand order. See, e.g., Manier v. Medtech Prods., Inc., 29 F. Supp. 3d 1284, 1287 (S.D. Cal. 2014); Citibank, N.A. v. Jackson, 2017 WL 4511348, at *2 (W.D.N.C. Oct. 10, 2017); Dalton v. Walgreen Co., 2013 WL 2367837, at *1 (E.D. Mo. May 29, 2013) ("To hold that a district court lacks the limited jurisdiction to stay its remand order in a CAFA case would render the statutory right to appeal a CAFA remand order hollow." (citation omitted)). Because CAFA expressly authorizes a party to file an appeal of a CAFA remand order, the Court necessarily has limited jurisdiction to consider a motion to stay pending that appeal.

When deciding whether to stay pending appellate review, the Supreme Court has laid out four factors to consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Nken v. Holder, 556 U.S. 418, 426 (2009) (quoting Hilton v. Braunskill, 418 U.S. 770, 776 (1987)). The first two factors are the "most critical," but courts must balance all four factors, considering the relative strength of each. See id. at 434.

Considering the four factors here, the Court concludes that a stay of the June 20th Remand Order is warranted. First, Wilco has shown a sufficient likelihood of success on the merits of the appeal because of the not insignificant caselaw, most notably Guardian Life Ins. Co. of Am. v. Muniz, 101 F.3d 93 (11th Cir. 1996), supporting its argument that the class's request for reinstatement of their policies puts the face value of those policies at issue. In fact, the Court conceded in its June 20th Remand Order that "it is at least plausible that Muniz could be interpreted as lending some support to Wilco's position." (Order of June 20, 2019, at 15-16.) Second, Wilco is at risk of being irreparably harmed absent a stay by having to simultaneously litigate this case in state court and on appeal in the Eleventh Circuit. There is also a risk of inconsistent outcomes if the state court rules on any motions while the appeal is pending. Accordingly, the first two "critical" factors favor entering a stay pending appeal.

Next, Plaintiff will not suffer substantial injury from the issuance of a stay. Plaintiff shares the same interests as Wilco in avoiding inconsistent outcomes and duplicative proceedings. Also, as Wilco recognizes, Plaintiff and the class's policies have lapsed, so they will not be forced to continue paying the allegedly improper COI charges during the appeal.

5

Finally, a stay serves the public interest because it will conserve finite judicial resources by preventing duplicative litigation. While there is a strong public interest in the speedy resolution of class action suits, the resolution of the claims in this case could be further delayed by having to re-litigate issues decided in the state court should the Eleventh Circuit overturn this Court's Remand Order. All told, the four factors favor issuing a stay in this case pending the resolution of Wilco's appeal.

### III. CONCLUSION

Based on the foregoing, the balance of factors weighs in favor of staying the Court's June 20th Remand Order until the Eleventh Circuit decides Wilco's appeal. Therefore, Wilco's motion to stay pending appeal (Doc. 34) is **GRANTED**. **IT IS HEREBY ORDERED** that the Court's June 20th Remand Order is **STAYED** pending final resolution of Wilco's appeal in the Eleventh Circuit.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of July, 2019.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA