IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| VANESSA ANDERSON, Individually and on Behalf of a Class of Similarly Situated Persons, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CV 119-008 |
| WILCO LIFE INSURANCE COMPANY, | ) ) | |
| Defendant. | ) | |

_____

**O R D E R**
_____

The parties filed a Rule 26(f) Report, wherein Defendant requests a stay of all discovery pending resolution of its motion to dismiss and motion for summary judgment.[1] (Doc. no. 59, ¶¶ 6, 7.) Plaintiff consents to a stay pending a ruling on the motion to dismiss only. (Id.) For the reasons set forth below, the Court **GRANTS** the request for a stay.

The "[C]ourt has broad inherent power to stay discovery until preliminary issues can be settled which may be dispositive of some important aspect of the case." Feldman v. Flood, 176 F.R.D. 651, 652 (M.D. Fla. 1997). Before deciding to stay discovery, the Court should:

> balance the harm produced by a delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery. This involves weighing the likely costs and burdens of proceeding with discovery. It may be helpful to take a preliminary peek at the merits of the allegedly dispositive motion to see if on its face there appears to be an immediate and clear possibility that it will be granted.

---

[1] The Court also notes Plaintiff filed a Motion for Relief Pursuant to Fed. R. Civ. P. 56(d) and resolution of that motion is also pending. (Doc. no. 58.)

Id. (internal citation and quotation omitted).

Based on a preliminary peek at the defense motions, the Court finds an immediate and clear possibility of a ruling "which may be dispositive of some important aspect of the case." When balancing the costs and burdens to the parties, the Court concludes discovery should be stayed pending resolution of Defendant's motion to dismiss and motion for summary judgment. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1367 (11th Cir. 1997); Moore v. Potter, 141 F. App'x 803, 807-08 (11th Cir. 2005).

Plaintiff consents to a stay pending a ruling on Defendant's motion to dismiss but objects to a stay of discovery pending a ruling on Defendant's motion for summary judgment. (Doc. no. 59, ¶¶ 6, 7.) Specifically, Plaintiff argues discovery is necessary to properly respond to Defendant's motion for summary judgment. (Id.) Consideration of whether discovery is necessary for resolution of said motion is a matter entirely within the discretion of the presiding District Judge in the context of Plaintiff's motion under Fed. R. Civ. P. 56(d). (See doc. no. 58.)

Thus, the Court **STAYS** all discovery in this action pending resolution of Defendant's motion to dismiss and motion for summary judgment. Should any portion of the case remain after resolution of the motions, the parties shall confer and submit a second joint Rule 26(f) Report, with proposed case deadlines, within seven days of the presiding District Judge's

ruling.

SO ORDERED this 26th day of February, 2020, at Augusta, Georgia.

*/s/ Brian K. Epps*
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA