IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

VANESSA ANDERSON,          *
Individually and on Behalf *
of a Class of Similarly    *
Situated Persons,          *
                           *
        Plaintiff,         *
                           *        CV 119-008
        v.                 *
                           *
WILCO LIFE INSURANCE COMPANY, *
                           *
        Defendant.         *

---

**O R D E R**

---

Before the Court is Defendant Wilco Life Insurance Company's renewed motion to dismiss. (Doc. 42.) For the following reasons, the motion is granted.

## I.   BACKGROUND

### A. Procedural History

Plaintiff Vanessa Anderson is a Georgia citizen residing in Columbia County, Georgia. (See Compl., Doc. 1-1, ¶ 4.) Plaintiff filed this action alleging a breach of contract and a breach of the implied covenant of good faith and fair dealing on her own behalf and on behalf of those similarly situated. (See generally id.) These allegations are based on Defendant's large increases

to the cost of insurance premiums, increases which Plaintiff contends are not permitted under her life insurance policy with Defendant. (See id., at 17-19.) Defendant is an insurance company domiciled in Indiana and removed this case pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b), 1711-1715, and traditional diversity jurisdiction. (See Compl., ¶ 5; Notice of Removal, Doc. 1, at 1, 3-6.)

Plaintiff moved to remand to state court, arguing that CAFA's $5 million amount in controversy threshold was not met. This Court granted the motion to remand, but the United States Court of Appeals for the Eleventh Circuit reversed and remanded; it ruled that the face value of the insurance policy is the amount in controversy and thus the amount in controversy threshold was met. (See Doc. 40, at 20.) The case is again before this Court as Defendant moves to dismiss the Complaint for failing to state a claim.

## B. The Insurance Policy

This Court's June 20, 2019 Order explains the general operation of the "Universal Life" insurance policy at issue. (See Order of June 20, 2019, Doc. 32, at 2-5.) The grounds on which Defendant may increase certain Cost of Insurance ("COI") rates are at issue in the pending motion.

Page four of the policy is titled "Policy Data Page," and consists of a table of "Guaranteed Monthly Cost of Insurance Rates." (*See* Insurance Policy, Doc. 22-1, at 4.)[1] The table relates the insured's attained age, the policy year, and a COI rate per $1,000. (*See* id.) Below the table, a paragraph reads in relevant part:

> Actual monthly cost of insurance rates will be determined by the company *based on the policy cost factors described in your policy*. However, the actual cost of insurance rates will not be greater than those shown above.

(Id. (emphasis added).) This paragraph is hereinafter referred to as the "Policy Data Page" paragraph. Plaintiff bases her argument on the emphasized portion of this paragraph, discussed further below.

Page thirteen of the policy contains a provision titled "Cost of Insurance Rates." (*See* id., at 13.) The provision states in relevant part:

> The *guaranteed* monthly cost of insurance rates for the policy are based on the insured's sex, attained age and premium class on the date of issue. . . . These rates are shown on a Policy Data Page.
>
> *Current monthly cost of insurance rates will be determined by the Company*. The current monthly cost of insurance rates will not be greater than the guaranteed

---

[1] These page numbers refer to those on the policy and not to the page numbers assigned by CM/ECF.

monthly cost of insurance rates which are listed on a Policy Data Page.

(Id. (emphasis added).)   The first of these paragraphs is hereinafter referred to as the "Guaranteed Monthly Cost" paragraph and the second as the "Current Monthly Cost" paragraph.

Finally, there is a policy provision called "Cost of Insurance." (See id., at 12.)   This provision explains how the monthly cost of insurance is calculated as a function of the monthly COI rate, the insured's death benefit at the beginning of the policy month divided by a constant, and the Accumulation Value[2] at the beginning of the policy month.   (See id.)

Defendant argues that increases in current monthly COI rates are up to its discretion so long as the rate is not higher than the guaranteed monthly COI rate.   Plaintiff argues that any COI rate increase must be "based on the policy cost factors described in [the] policy," citing to that language in the Policy Data Page paragraph.   More specifically, Plaintiff contends that Defendant can only consider sex, attained age and premium class, all of which relate to "mortality risk," when increasing the monthly COI rate.

---

[2] The definition of the Accumulation Value is not relevant to the pending motion.

## II.   LEGAL STANDARD

A motion to dismiss a complaint does not test whether the plaintiff will ultimately prevail on the merits of the case. Rather, it tests the legal sufficiency of the pleading. Scheur v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Davis v. Scherer, 468 U.S. 183, 191 (1984).   Therefore, the Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff.  See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).   The Court, however, need not accept the pleading's legal conclusions as true, only its well-pleaded facts.  Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009).   When analyzing the sufficiency of a complaint, courts are limited to the "well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed."  La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

A complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).   The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. Although there is no probability requirement at the pleading stage, "something beyond [a] mere possibility . . . must be alleged."

<u>Twombly</u>, 550 U.S. at 557-58 (citing <u>Durma Pharm., Inc. v. Broudo</u>, 544 U.S. 336, 347 (2005)).  When, however, based on a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal is appropriate.  See <u>Exec. 100, Inc. v. Martin Cty.</u>, 922 F.2d 1536, 1539 (11th Cir. 1991).


### III. DISCUSSION

<u>A. Insurance Policies in Georgia</u>

"Whenever the language of a contract is plain, unambiguous, and capable of only one reasonable interpretation, no construction is required or even permissible, and the contractual language used by the parties must be afforded its literal meaning." <u>First Data POS, Inc. v. Willis</u>, 546 S.E.2d 781, 784 (Ga. 2001).  Only when a contract is ambiguous do courts apply the rules of contract construction to resolve the ambiguity.  See <u>Citrus Tower Boulevard Imaging Ctr., LLC v. Owens</u>, 752 S.E.2d 74, 81 (Ga. Ct. App. 2013).  An ambiguous contract "leave[s] the intent of the parties in question." <u>Id.</u> (quoting <u>Coleman v. Arrington Auto Sales & Rentals</u>, 669 S.E.2d 414, 416 (Ga. Ct. App. 2008)).

Under Georgia law, insurance contracts are interpreted through the ordinary rules of contract construction with the goal of ascertaining the intention of the parties.  See <u>Progressive</u>

_Preferred Ins. Co. v. Brown_, 413 S.E.2d 430, 431 (Ga. 1992); O.C.G.A. § 13-2-3.   When interpreting a particular contractual provision, it must be considered in the context of the entire contract.   See _Caradigm USA LLC v. PruittHealth, Inc._, ---F.3d---, 2020 WL 3886018 (11th Cir. 2020) (citing O.C.G.A. § 13-2-2(4)). The Court must read an insurance policy "as a layman would read it and not as it might be analyzed by an insurance expert or an attorney." _U.S. Fire Ins. Co v. Hilde_, 322 S.E.2d 285, 288 (Ga. Ct. App. 1984) (quotation omitted).   Finally, any ambiguity in an insurance policy will be construed against the drafter.   (See _id._)

## B. The Universal Life Policy and Its COI Provisions

This case revolves around the interpretation and interaction of three paragraphs in the Universal Life insurance policy.   The three paragraphs relate to how the COI rates are determined and are included in relevant part above.   Defendant argues that the Current Monthly Cost paragraph explicitly permits it to determine the monthly cost so long as it is no greater than the guaranteed monthly cost.   Defendant notes that the factors in the Guaranteed Monthly Cost paragraph - sex, attained age, and premium class - apply only to the calculation of the guaranteed monthly COI rate and not to the current monthly COI rate.

Plaintiff interprets the policy differently.   She argues that the "based on" language in the Policy Data Page paragraph permits COI rate changes _only_ when based on the policy cost factors

7

described in the policy.   She then argues that the only policy cost factors present in the policy are those found in the Guaranteed Monthly Cost paragraph, namely, the insured's sex, attained age, and premium class on date of issue.   Finally, Plaintiff alleges that Defendant increased the COI rates for reasons other than those three "mortality factors."   (See Pl.'s Resp. to Def.'s Mot. to Dismiss, Doc. 50, at 7-8.)

Courts have reached varying conclusions in considering similar disputes involving universal life insurance policies. Compare Coffman v. Pruco Life Ins. Co., No. 10-CV-03663, 2011 WL 4550152, at *3 (D.N.J. Sept. 29, 2011) (interpreting insurance policy to give discretion to insurer when calculating costs so long as the cost was below the guaranteed rate.); Baymiller v. Guarantee Mut. Life Co., No. SA CV 99-1566, 2000 WL 1026565, at *2 (C.D. Cal. May 3, 2000.) (interpreting insurance policy with monthly and guaranteed rate structure to give insurer discretion when determining rates below guaranteed rate); with Fleisher v. Phoenix Life Ins. Co., 18 F. Supp. 3d 456, 470-71 (S.D.N.Y. 2014) (interpreting "based on" to require insurer to use only factors included in policy when determining rates); Vogt v. State Farm Life Ins. Co., 963 F.3d 753, 763-64 (8th Cir. 2020) (same).

There are other cases beyond those listed above that have discussed the issue.  However, the policies in the cases Plaintiff relies on for her reading of the phrase "based on" share a crucial

similarity that distinguish them from the policy in this case. The provisions in those policies governing how the monthly or current cost rate is determined explicitly include language that the rate will be based on mortality or other factors included in that provision.  The policy in this case does not.

There is only one reasonable reading of the policy in this case: The current monthly COI rate is, as stated in the policy, "determined by the Company," so long as it is not greater than the guaranteed monthly COI rate.  It is the guaranteed COI rate that is "based on the insured's sex, attained age and premium class on the date of issue."  The Policy Data Page's language relating to "policy cost factors described in your policy" cannot be read to graft the mortality factors in the Guaranteed Monthly Cost Paragraph onto the Current Monthly Cost paragraph.  Under this unambiguous reading the Complaint fails to state a claim because it was within Defendant's discretion to determine monthly COI rates below the guaranteed rate.

Finally, to the extent Plaintiff argues that this interpretation renders the Policy Data Page paragraph meaningless, that is not so.  The Policy Data Page paragraph notifies the insured that his or her actual monthly COI rate may be different from the guaranteed rates shown in the table, and that the policy will explain how the actual rate is determined.  And, as the Court has concluded, the plain language of the Current Monthly Cost

9

paragraph gives Defendant discretion to increase monthly COI rates.

## IV.   CONCLUSION

Upon the foregoing, Defendant's motion to dismiss (Doc. 42) is **GRANTED**.   The Clerk is directed to **TERMINATE** all remaining motions and deadlines, if any, **ENTER JUDGMENT** dismissing all of Plaintiff's claims with prejudice, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this _13th_ day of _August_, 2020.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

10