APPEAL,JYTRL,PROTO

# U.S. District Court
## Southern District of Georgia (Augusta)
## CIVIL DOCKET FOR CASE #: <u>1:19–cv–00008–JRH–BKE</u>

| | |
|---|---|
| Anderson v. Wilco Life Insurance Company | Date Filed: 01/11/2019 |
| Assigned to: Chief Judge J. Randal Hall | Date Terminated: 08/13/2020 |
| Referred to: Magistrate Judge Brian K. Epps | Jury Demand: Both |
| Demand: $5,000,000 | Nature of Suit: 110 Insurance |
| Case in other court:  USCA for the Eleventh Circuit, 19–90009–Q | Jurisdiction: Diversity |
| Cause: 28:1441 Notice of Removal–Insurance Contract | |

**<u>Plaintiff</u>**

| | | |
|---|---|---|
| **Vanessa Anderson**<br>*individually and on behalf of a class of*<br>*similarly situated persons*<br>*TERMINATED: 08/13/2020* | represented by | **Leroy Weathers Brigham**<br>Bell & Brigham<br>457 Greene Street<br>Augusta, GA 30901<br>706–722–2014<br>Fax: 706–722–7552<br>Email: <u>lee@bellbrigham.com</u><br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

**Charles A. McCallum , III**
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Hwy.
Suite 201
Vestavia Hills, AL 35216
205–824–7767
Email: <u>cmccallum@mhcilaw.com</u>
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**R. Brent Irby**
McCallum, Hoaglund, Cook & Irby, LLP
905 Montgomery Hwy.
Suite 201
Vestavia Hills, AL 35216
205–824–7767
Fax: 205–824–7768
Email: <u>birby@mhcilaw.com</u>
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

represented by

**Wilco Life Insurance Company**
*TERMINATED: 08/13/2020*

**Carl C. Scherz**
Locke Lord LLP
2200 Ross Ave
Suite 2800
Dallas, TX 75201
214–740–8000
Email: cscherz@lockelord.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Elizabeth J. Campbell**
Locke Lord, LLP
Terminus 200
3333 Piedmont Road, NE
Suite 1200
Atlanta, GA 30305
404–870–4600
Fax: 404–872–5547
Email: ecampbell@lockelord.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anna K. Finger**
Locke Lord LLP
2200 Ross Ave
Suite 2800
Dallas, TX 75201
214–740–8000
Email: anna.k.finger@lockelord.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Taylor F. Brinkman**
Locke Lord LLP
2200 Ross Avenue
Suite 2800
Dallas, TX 75201
214–740–8442
Email: tbrinkman@lockelord.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/11/2019 | 1 | | NOTICE OF REMOVAL by Wilco Life Insurance Company from Superior Court of Columbia County, Georgia, case number 2018ECV0446. (Filing fee $ 400 receipt number 113J–2517310). (Attachments: # 1 Superior Court Filings, Complaint, Exhibits, Summons, # 2 Civil Cover Sheet)(pts) (Entered: 01/14/2019) |
| 01/14/2019 | 2 | | |

| | | | |
|---|---|---|---|
| | | | RULE 26(f) ORDER. Signed by Magistrate Judge Brian K. Epps on 1/14/2019. (Attachments: # 1 Blank Forms) (pts) (Entered: 01/14/2019) |
| 01/14/2019 | 3 | | Removal NOTICE to All Counsel of Record. (pts) (Entered: 01/14/2019) |
| 01/14/2019 | | | Set/Reset Deadlines: Wilco Life Insurance Company answer due 1/18/2019. Notice of Appearance due by 1/24/2019. (thb) (Entered: 01/14/2019) |
| 01/15/2019 | 4 | | NOTICE of Appearance by Elizabeth J. Campbell on behalf of Wilco Life Insurance Company (Campbell, Elizabeth) (Entered: 01/15/2019) |
| 01/15/2019 | 5 | | Disclosure Statement pursuant to Local Rule 7.1.1 by Wilco Life Insurance Company. (Campbell, Elizabeth) (Entered: 01/15/2019) |
| 01/15/2019 | 6 | | Consent MOTION for Extension of Time to File Answer *or Otherwise Respond to the Complaint* by Wilco Life Insurance Company. Responses due by 1/29/2019. (Campbell, Elizabeth) (Entered: 01/15/2019) |
| 01/15/2019 | | | MOTION REFERRED: 6 Consent MOTION for Extension of Time to File Answer or Otherwise Respond to the Complaint. (thb) (Entered: 01/15/2019) |
| 01/16/2019 | 7 | | ORDER granting 6 Motion for Extension of Time to Answer re [1–1] Complaint. Wilco Life Insurance Company answer due 2/19/2019. Signed by Magistrate Judge Brian K. Epps on 01/16/2019. (jlh) (Entered: 01/16/2019) |
| 01/17/2019 | 8 | | NOTICE of Appearance by Leroy Weathers Brigham on behalf of Vanessa Anderson (Brigham, Leroy) (Entered: 01/17/2019) |
| 01/23/2019 | 9 | | MOTION for Leave to Appear Pro Hac Vice of Charles A. McCallum, III, Receipt Number 113J–2525345, Fee Amount $200, by Vanessa Anderson. Responses due by 2/6/2019. (Attachments: # 1 Exhibit Certificate of good standing, # 2 Text of Proposed Order)(Brigham, Leroy) Modified on 1/23/2019 (thb). (Entered: 01/23/2019) |
| 01/23/2019 | 10 | | MOTION for Leave to Appear Pro Hac Vice of Robert Brent Irby, Receipt Number 113J–2525352, Fee Amount $200, by Vanessa Anderson. Responses due by 2/6/2019. (Attachments: # 1 Exhibit certificate of good standing, # 2 Text of Proposed Order)(Brigham, Leroy) Modified on 1/23/2019 (thb). (Entered: 01/23/2019) |
| 01/23/2019 | 11 | | Disclosure Statement pursuant to Local Rule 7.1.1 by Vanessa Anderson. (Brigham, Leroy) (Entered: 01/23/2019) |
| 01/23/2019 | | | MOTIONS REFERRED: 10 MOTION for Leave to Appear Pro Hac Vice of Robert Brent Irby, Receipt Number 113J–2525352, Fee Amount $200, 9 MOTION for Leave to Appear Pro Hac Vice of Charles A. McCallum, III, Receipt Number 113J–2525345, Fee Amount $200. (thb) (Entered: 01/23/2019) |
| 01/24/2019 | 12 | | TEXT ORDER granting 9 Motion for Leave to Appear Pro Hac Vice as to Vanessa Anderson, and finding the requirements in Local Rule 83.4 have been satisfied. Signed by Magistrate Judge Brian K. Epps on 1/24/2019. (cjc) (Entered: 01/24/2019) |
| 01/24/2019 | 13 | | TEXT ORDER granting 10 Motion for Leave to Appear Pro Hac Vice as to Vanessa Anderson, and finding the requirements in Local Rule 83.4 have been satisfied. Signed by Magistrate Judge Brian K. Epps on 1/24/2019. (cjc) (Entered: 01/24/2019) |

| 01/28/2019 | 14 | | Litigants' Bill of Rights by Vanessa Anderson. (McCallum, Charles) (Entered: 01/28/2019) |
|---|---|---|---|
| 02/04/2019 | 15 | | MOTION for Leave to Appear Pro Hac Vice *for Anna K. Kinger* Receipt Number 113J–2533350, Fee Amount $200, by Wilco Life Insurance Company. Responses due by 2/18/2019. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Text of Proposed Order)(Campbell, Elizabeth) (Entered: 02/04/2019) |
| 02/04/2019 | 16 | | MOTION for Leave to Appear Pro Hac Vice *for Taylor Brinkman* Receipt Number 113J–2533358, Fee Amount $200, by Wilco Life Insurance Company. Responses due by 2/18/2019. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Text of Proposed Order)(Campbell, Elizabeth) (Entered: 02/04/2019) |
| 02/04/2019 | 17 | | MOTION for Leave to Appear Pro Hac Vice *for Carl Scherz* Receipt Number 113J–2533360, Fee Amount $200, by Wilco Life Insurance Company. Responses due by 2/18/2019. (Attachments: # 1 Exhibit Certificate of Good Standing, # 2 Text of Proposed Order)(Campbell, Elizabeth) (Entered: 02/04/2019) |
| 02/05/2019 | | | MOTIONS REFERRED: 17 MOTION for Leave to Appear Pro Hac Vice for Carl Scherz, Receipt Number 113J–2533360, Fee Amount $200, 16 MOTION for Leave to Appear Pro Hac Vice for Taylor Brinkman, Receipt Number 113J–2533358, Fee Amount $200, 15 MOTION for Leave to Appear Pro Hac Vice for Anna K. Kinger, Receipt Number 113J–2533350, Fee Amount $200. (thb) (Entered: 02/05/2019) |
| 02/05/2019 | 18 | | TEXT ORDER granting 17 Motion for Leave to Appear Pro Hac Vice. Signed by Magistrate Judge Brian K. Epps on 2/5/2019. (cjc) (Entered: 02/05/2019) |
| 02/05/2019 | 19 | | TEXT ORDER granting 16 Motion for Leave to Appear Pro Hac Vice. Signed by Magistrate Judge Brian K. Epps on 2/5/2019. (cjc) (Entered: 02/05/2019) |
| 02/05/2019 | 20 | | TEXT ORDER granting 15 Motion for Leave to Appear Pro Hac Vice. Signed by Magistrate Judge Brian K. Epps on 2/5/2019. (cjc) (Entered: 02/05/2019) |
| 02/11/2019 | 21 | | MOTION to Remand to State Court *and Brief in support* by Vanessa Anderson. Responses due by 2/25/2019. (Attachments: # 1 Exhibit policy)(Brigham, Leroy) (Entered: 02/11/2019) |
| 02/19/2019 | 22 | | MOTION to Dismiss *for Failure to State a Claim* by Wilco Life Insurance Company. Responses due by 3/5/2019. (Attachments: # 1 Exhibit A – Anderson Policy)(Campbell, Elizabeth) (Entered: 02/19/2019) |
| 02/22/2019 | 23 | | Consent MOTION for Extension of Time to 03/11/2019 *for Defendant to Respond to Plaintiff's Motion to Remand*, by Wilco Life Insurance Company. Responses due by 3/8/2019. (Attachments: # 1 Text of Proposed Order)(Campbell, Elizabeth) (Entered: 02/22/2019) |
| 02/25/2019 | | | MOTION REFERRED: 23 Consent MOTION for Extension of Time to 03/11/2019 for Defendant to Respond to Plaintiff's Motion to Remand. (thb) (Entered: 02/25/2019) |
| 02/25/2019 | | | Motion No Longer Referred: 23 MOTION for Extension of Time to File Response/Reply. (thb) (Entered: 02/25/2019) |

| 02/26/2019 | 24 | | ORDER granting 23 Motion for Extension of Time to File Response/Reply re 21 MOTION to Remand to State Court and Brief in support. Responses due by 3/11/2019. Signed by Chief Judge J. Randal Hall on 02/26/2019. (thb) (Entered: 02/26/2019) |
|---|---|---|---|
| 03/05/2019 | 25 | | MOTION to Stay *deadline to respond to Defendant's motion to dismiss 22 or alternative motion for extension* by Vanessa Anderson. Responses due by 3/19/2019. (Attachments: # 1 Text of Proposed Order)(Brigham, Leroy). (Entered: 03/05/2019) |
| 03/08/2019 | 26 | | ORDER granting 25 Motion to Stay. Plaintiff's deadline to respond to Defendant's 22 motion to dismiss is stayed until after the Court enters an Order on Plaintiff's motion to remand. Signed by Chief Judge J. Randal Hall on 03/08/2019. (thb) (Entered: 03/08/2019) |
| 03/11/2019 | 27 | | RESPONSE to Motion re 21 MOTION to Remand to State Court *and Brief in support* filed by Wilco Life Insurance Company. (Attachments: # 1 Exhibit A – Declaration of Randy Greenwood)(Campbell, Elizabeth) (Entered: 03/11/2019) |
| 03/19/2019 | 28 | | NOTICE of Intent *to file reply brief* by Vanessa Anderson re 21 MOTION to Remand to State Court *and Brief in support*. (Brigham, Leroy) (Entered: 03/19/2019) |
| 03/19/2019 | 29 | | MOTION for Extension of Time to File Response/Reply as to 27 Response to Motion by Vanessa Anderson. Responses due by 4/2/2019. (Attachments: # 1 Text of Proposed Order)(Brigham, Leroy) (Entered: 03/19/2019) |
| 03/19/2019 | 30 | | ORDER granting 29 Motion for Extension of Time to File Reply brief re 21 MOTION to Remand to State Court. Replies due by 4/8/2019. Signed by Chief Judge J. Randal Hall on 03/19/2019. (jlh) (Entered: 03/19/2019) |
| 04/08/2019 | 31 | | REPLY to Response to Motion re 21 MOTION to Remand to State Court *and Brief in support* filed by Vanessa Anderson. (Brigham, Leroy) (Entered: 04/08/2019) |
| 06/20/2019 | 32 | | ORDER granting 21 Motion to Remand to State Court. The Clerk shall terminate 22 Motion to Dismiss and remand this case to the Superior Court of Columbia County, Georgia. Signed by Chief Judge J. Randal Hall on 06/20/2019. (thb) (Entered: 06/20/2019) |
| 06/20/2019 | 33 | | CLERK'S JUDGMENT entered in accordance with the Court's Order of June 20, 2019. Signed by Chief Judge J. Randal Hall on 06/20/2019. (thb) (Entered: 06/20/2019) |
| 07/09/2019 | 34 | | Consent MOTION to Stay *Court's Order for Remand* by Wilco Life Insurance Company. Responses due by 7/23/2019. (Attachments: # 1 Exhibit A – Petition for Permission to Appeal)(Campbell, Elizabeth) (Entered: 07/09/2019) |
| 07/11/2019 | 35 | | USCA ORDER granting Respondent's motion for extension of time to and including July 17, 2019, in which to file response to Petitioner's petition for permission to appeal. (Attachments: # 1 Letter from the USCA) (thb) (Entered: 07/11/2019) |
| 07/17/2019 | 36 | | (VACATED pursuant to 49 Order) ORDER granting 34 Motion to Stay 32 Remand Order pending final resolution of Wilco's appeal in the Eleventh Circuit. Signed by Chief Judge J. Randal Hall on 07/17/2019. (thb) Modified on |

| | | | |
|---|---|---|---|
| | | | 1/21/2020 (thb). (Entered: 07/17/2019) |
| 08/01/2019 | 37 | | USCA ORDER granting Petitioner's motion for leave to file a reply in support of the Petition for Permission to Appeal. (Attachments: # 1 Letter from the USCA) (thb) (Entered: 08/05/2019) |
| 10/21/2019 | 38 | | USCA Order granting petition for permission to appeal. (Attachments: # 1 USCA Order)(pts) (Entered: 10/21/2019) |
| 10/23/2019 | | | Filing fee for Appeal: $ 505.00, receipt number AUG026958. (thb) (Entered: 10/23/2019) |
| 11/19/2019 | 39 | | FRAP Certificate of Readiness re: Appeal No. 19−14127−QQ. The entire record is available electronically. (pts) (Entered: 11/19/2019) |
| 12/04/2019 | 40 | | USCA Opinion Reversing, Vacating, and Remanding 32 Order to Remand. (Attachments: # 1 USCA Notice)(pts) (Entered: 12/04/2019) |
| 12/26/2019 | 41 | | USCA Mandate re 40 . (Attachments: # 1 USCA Notice)(pts) (Entered: 12/26/2019) |
| 01/02/2020 | 42 | | MOTION to Dismiss *for Failure to State a Claim* by Wilco Life Insurance Company. Responses due by 1/16/2020. (Brinkman, Taylor) (Entered: 01/02/2020) |
| 01/14/2020 | 43 | | Consent MOTION for Extension of Time to File Response/Reply as to 42 MOTION to Dismiss *for Failure to State a Claim* by Vanessa Anderson. Responses due by 1/28/2020. (Attachments: # 1 Text of Proposed Order)(Brigham, Leroy) (Additional attachment(s) added on 1/14/2020: # 2 Text of Proposed Order) (thb). (Additional attachment(s) added on 1/14/2020: # 3 Text of Proposed Order (Correct Proposed Order)) (thb). (Entered: 01/14/2020) |
| 01/14/2020 | 44 | | ORDER granting 43 Motion for Extension of Time to File Response/Reply re 42 MOTION to Dismiss for Failure to State a Claim. Responses due by 1/30/2020. Signed by Chief Judge J. Randal Hall on 01/14/2020. (thb) (Entered: 01/14/2020) |
| 01/15/2020 | 45 | | MOTION for Summary Judgment *Based on the Statute of Limitations* by Wilco Life Insurance Company. Responses due by 2/5/2020. (Brinkman, Taylor) (Entered: 01/15/2020) |
| 01/15/2020 | 46 | | DECLARATION re 45 MOTION for Summary Judgment *Based on the Statute of Limitations* by Wilco Life Insurance Company. (Brinkman, Taylor) (Entered: 01/15/2020) |
| 01/15/2020 | 47 | | Statement of Material Facts re 45 MOTION for Summary Judgment *Based on the Statute of Limitations* by All Defendants. (Brinkman, Taylor) (Entered: 01/15/2020) |
| 01/16/2020 | 48 | | NOTICE issued re: 45 MOTION for Summary Judgment Based on the Statute of Limitations. Responses due by 2/5/2020. (thb) (Entered: 01/16/2020) |
| 01/21/2020 | 49 | | ORDER that the 41 USCA Mandate is made the Order of this Court. The Clerk is directed to vacate the stay of July 17, 2019 (doc. 36 ) and reopen this case. It Is Further Ordered that the parties shall file a Rule 26(f) report within twenty−one (21) days of this Order. Rule 26 Report due by 2/11/2020. Signed |

| | | | |
|---|---|---|---|
| | | | by Chief Judge J. Randal Hall on 01/21/2020. (thb) Modified on 1/21/2020 (thb). (Entered: 01/21/2020) |
| 01/30/2020 | 50 | | RESPONSE to Motion re 42 MOTION to Dismiss *for Failure to State a Claim Plaintiff's Response to Defendant Wilco Life Insurance Company's Renewed Motion to Dismiss Plaintiff's Complaint for Failure to State a Claim* filed by Vanessa Anderson. (McCallum, Charles) (Entered: 01/30/2020) |
| 01/31/2020 | 51 | | NOTICE of Intent *to File Reply Brief* by Wilco Life Insurance Company re 42 MOTION to Dismiss *for Failure to State a Claim*. (Brinkman, Taylor) (Entered: 01/31/2020) |
| 02/03/2020 | 52 | | MOTION for Extension of Time to File Response/Reply as to 45 MOTION for Summary Judgment *Based on the Statute of Limitations (unopposed)* by Vanessa Anderson. Responses due by 2/17/2020. (Attachments: # 1 Text of Proposed Order)(Brigham, Leroy) (Entered: 02/03/2020) |
| 02/05/2020 | 53 | | ORDER granting 52 Motion for Extension of Time to File Response/Reply re 45 MOTION for Summary Judgment. Responses due by 2/19/2020. Signed by Chief Judge J. Randal Hall on 02/05/2020. (jlh) (Entered: 02/05/2020) |
| 02/07/2020 | 54 | | Consent MOTION for Extension of Time to File Response/Reply as to 42 MOTION to Dismiss *for Failure to State a Claim* by Wilco Life Insurance Company. Responses due by 2/21/2020. (Attachments: # 1 Text of Proposed Order)(Brinkman, Taylor) (Entered: 02/07/2020) |
| 02/11/2020 | 55 | | ORDER granting 54 Motion for Extension of Time to File Response/Reply re 42 MOTION to Dismiss for Failure to State a Claim. No further extensions of time will be granted to either party absent a showing of good cause. Reply Brief due by 2/27/2020. Signed by Chief Judge J. Randal Hall on 02/11/2020. (thb) (Entered: 02/11/2020) |
| 02/11/2020 | 56 | | Joint MOTION for Extension of Time to File *Rule 26(f) Report* by Wilco Life Insurance Company. Responses due by 2/25/2020. (Attachments: # 1 Exhibit Declaration of Carl Scherz, # 2 Text of Proposed Order)(Brinkman, Taylor) (Entered: 02/11/2020) |
| 02/14/2020 | 57 | | ORDER granting 56 Motion for Extension of Time to File a Rule 26(f) report. The Parties shall have through February 21, 2020 to file their Rule 26(f) report. Signed by Chief Judge J. Randal Hall on 02/14/2020. (thb) (Entered: 02/14/2020) |
| 02/19/2020 | 58 | | MOTION for Relief Pursuant to Fed.R.Civ.P. 56(d) by Vanessa Anderson. Responses due by 3/4/2020. (Attachments: # 1 Affidavit of Lee Brigham)(Brigham, Leroy) (Entered: 02/19/2020) |
| 02/21/2020 | 59 | | REPORT of Rule 26(f) Planning Meeting. (Campbell, Elizabeth) (Entered: 02/21/2020) |
| 02/26/2020 | 60 | | ORDER staying all discovery in this action pending resolution of Defendant's motion to dismiss and motion for summary judgment. Signed by Magistrate Judge Brian K. Epps on 02/26/2020. (thb) (Entered: 02/26/2020) |
| 02/27/2020 | 61 | | REPLY to Response to Motion re 42 MOTION to Dismiss *for Failure to State a Claim* filed by Wilco Life Insurance Company. (Brinkman, Taylor) (Entered: 02/27/2020) |

| 03/04/2020 | 62 | | RESPONSE in Opposition re 58 MOTION *for Relief Pursuant to Fed.R.Civ.P. 56(d)* filed by Wilco Life Insurance Company. (Brinkman, Taylor) (Entered: 03/04/2020) |
| 03/19/2020 | 63 | | REPLY to Response to Motion re 58 MOTION *for Relief Pursuant to Fed.Civ.P. 56(d)* filed by Vanessa Anderson. (Brigham, Leroy) (Entered: 03/19/2020) |
| 05/26/2020 | 64 | | Joint MOTION for Entry of Agreed Protective Order by Wilco Life Insurance Company. Responses due by 6/9/2020. (Attachments: # 1 Exhibit Agreed Protective Order)(Brinkman, Taylor) Modified on 6/2/2020 (thb). (Entered: 05/26/2020) |
| 05/26/2020 | | | MOTIONS REFERRED: 64 Joint MOTION for Entry of Agreed Protective Order. (thb) (Entered: 05/26/2020) |
| 06/02/2020 | 65 | | AGREED PROTECTIVE ORDER. The 64 Joint Motion for Entry of Agreed Protective Order is granted subject to modifications. Signed by Magistrate Judge Brian K. Epps on 06/02/2020. (thb) (Entered: 06/02/2020) |
| 06/30/2020 | 66 | | NOTICE by Vanessa Anderson *of Supplemental Authorities* (Attachments: # 1 Exhibit Vogt v. State Farm decision)(Brigham, Leroy) (Entered: 06/30/2020) |
| 08/13/2020 | 67 | | ORDER granting 42 Motion to Dismiss. The Clerk is directed to terminate all remaining motions and deadlines, if any, enter judgment dismissing all of Plaintiff's claims with prejudice, and close this case. Signed by Chief Judge J. Randal Hall on 08/13/2020. (thb) (Entered: 08/13/2020) |
| 08/13/2020 | 68 | | CLERK'S JUDGMENT entered in accordance with the Court's 67 Order. Signed by Deputy Clerk on 08/13/2020. (thb) (Entered: 08/13/2020) |
| 09/10/2020 | 69 | | NOTICE OF APPEAL as to 67 Order on Motion to Dismiss, by Vanessa Anderson. Filing fee $ 505, receipt number AGASDC−2921729. (McCallum, Charles) (Entered: 09/10/2020) |

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| **VANESSA ANDERSON, individually** | § | |
| **and on behalf of a class of similarly** | § | |
| **situated persons,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No.: 1:19-cv-00008-JRH-BKE** |
| | § | |
| **WILCO LIFE INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

---

**NOTICE OF APPEAL**

---

Notice is hereby given that Vanessa Anderson, Plaintiff in the above-named case, individually and on behalf of a putative class of similarly situated persons, hereby appeals to the United States Court of Appeals for the Eleventh Circuit from the Order (Doc 67) granting Defendant's Renewed Motion to Dismiss that dismissed all of Plaintiff's claims with prejudice entered in this action on the 13th day of August, 2020.

DATED:   September 10, 2020                    Respectfully submitted,

/s/ Charles A. McCallum, III
Charles A. McCallum, III
(*Admitted Pro Hac Vice*)
R. Brent Irby
Georgia Bar No. 224232
McCallum, Hoaglund & Irby, LLP
905 Montgomery Highway, Suite 201
Vestavia Hills, Alabama 35216
Telephone: (205)824-7767
Facsimile: (205)824-7768
Email: birby@mhcilaw.com
         cmccallum@mhcilaw.com

Lee W. Brigham (Ga. Bar No. 081698)
BELL & BRIGHAM
Post Office Box 1547
Augusta, Georgia 30903-1547
Telephone (706) 722-2014
Email: lee@bellbrigham.com

COUNSEL FOR PLAINTIFF

## CERTIFICATE OF SERVICE

This is to certify that on September 10, 2020, a true and correct copy of the foregoing was filed with the Clerk of the Court using the CM/ECF system, which automatically notifies counsel as follows:

Elizabeth Campbell
Georgia Bar No. 349249
Locke Lord LLP
Terminus 200, Suite 1200
333 Piedmont Road NE
Atlanta, Georgia 30305
Telephone: (404)870-4679
Facsimile: (404)806-5679
Email: ecampbell@lockelord.com

Carl C. Scherz (*admitted pro hac vice*)
Taylor Brinkman (*admitted pro hac vice*)
Anna K. Finger (*admitted pro hac vice*)
Locke Lord LLP
2200 Ross Avenue
Suite 2800
Dallas, Texas 75201
Telephone: (214)274-8079
Facsimile: (214)740-8800
Email: cscherz@lockelord.com
        tbrinkman@lockelord.com
        anna.k.finger@lockelord.com

/s/ Charles A. McCallum, III
COUNSEL

2

10

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

VANESSA ANDERSON,          *
Individually and on Behalf *
of a Class of Similarly    *
Situated Persons,          *
                           *
        Plaintiff,         *
                           *          CV 119-008
        v.                 *
                           *
WILCO LIFE INSURANCE COMPANY, *
                           *
        Defendant.         *

_____

O R D E R

_____

Before the Court is Defendant Wilco Life Insurance Company's
renewed motion to dismiss.  (Doc. 42.)  For the following reasons,
the motion is granted.

I.    BACKGROUND

A. Procedural History

Plaintiff Vanessa Anderson is a Georgia citizen residing in
Columbia County, Georgia.  (See Compl., Doc. 1-1, ¶ 4.)  Plaintiff
filed this action alleging a breach of contract and a breach of
the implied covenant of good faith and fair dealing on her own
behalf and on behalf of those similarly situated.  (See generally
id.)  These allegations are based on Defendant's large increases

to the cost of insurance premiums, increases which Plaintiff contends are not permitted under her life insurance policy with Defendant. (See id., at 17-19.) Defendant is an insurance company domiciled in Indiana and removed this case pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. §§ 1332(d), 1453(b), 1711-1715, and traditional diversity jurisdiction. (See Compl., ¶ 5; Notice of Removal, Doc. 1, at 1, 3-6.)

Plaintiff moved to remand to state court, arguing that CAFA's $5 million amount in controversy threshold was not met. This Court granted the motion to remand, but the United States Court of Appeals for the Eleventh Circuit reversed and remanded; it ruled that the face value of the insurance policy is the amount in controversy and thus the amount in controversy threshold was met. (See Doc. 40, at 20.) The case is again before this Court as Defendant moves to dismiss the Complaint for failing to state a claim.

## B. The Insurance Policy

This Court's June 20, 2019 Order explains the general operation of the "Universal Life" insurance policy at issue. (See Order of June 20, 2019, Doc. 32, at 2-5.) The grounds on which Defendant may increase certain Cost of Insurance ("COI") rates are at issue in the pending motion.

2

12

Page four of the policy is titled "Policy Data Page," and consists of a table of "Guaranteed Monthly Cost of Insurance Rates." (See Insurance Policy, Doc. 22-1, at 4.)[1] The table relates the insured's attained age, the policy year, and a COI rate per $1,000. (See id.) Below the table, a paragraph reads in relevant part:

> Actual monthly cost of insurance rates will be determined by the company *based on the policy cost factors described in your policy*. However, the actual cost of insurance rates will not be greater than those shown above.

(Id. (emphasis added).) This paragraph is hereinafter referred to as the "Policy Data Page" paragraph. Plaintiff bases her argument on the emphasized portion of this paragraph, discussed further below.

Page thirteen of the policy contains a provision titled "Cost of Insurance Rates." (See id., at 13.) The provision states in relevant part:

> The *guaranteed* monthly cost of insurance rates for the policy are based on the insured's sex, attained age and premium class on the date of issue. . . . These rates are shown on a Policy Data Page.
>
> *Current monthly cost of insurance rates will be determined by the Company*. The current monthly cost of insurance rates will not be greater than the guaranteed

---

[1] These page numbers refer to those on the policy and not to the page numbers assigned by CM/ECF.

monthly cost of insurance rates which are listed on a Policy Data Page.

(Id. (emphasis added).)   The first of these paragraphs is hereinafter referred to as the "Guaranteed Monthly Cost" paragraph and the second as the "Current Monthly Cost" paragraph.

Finally, there is a policy provision called "Cost of Insurance." (See id., at 12.) This provision explains how the monthly cost of insurance is calculated as a function of the monthly COI rate, the insured's death benefit at the beginning of the policy month divided by a constant, and the Accumulation Value[2] at the beginning of the policy month. (See id.)

Defendant argues that increases in current monthly COI rates are up to its discretion so long as the rate is not higher than the guaranteed monthly COI rate. Plaintiff argues that any COI rate increase must be "based on the policy cost factors described in [the] policy," citing to that language in the Policy Data Page paragraph. More specifically, Plaintiff contends that Defendant can only consider sex, attained age and premium class, all of which relate to "mortality risk," when increasing the monthly COI rate.

---

[2] The definition of the Accumulation Value is not relevant to the pending motion.

4

## II.  LEGAL STANDARD

A motion to dismiss a complaint does not test whether the plaintiff will ultimately prevail on the merits of the case. Rather, it tests the legal sufficiency of the pleading. Scheur v. Rhodes, 416 U.S. 232, 236 (1974), abrogated on other grounds by Davis v. Scherer, 468 U.S. 183, 191 (1984). Therefore, the Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). The Court, however, need not accept the pleading's legal conclusions as true, only its well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009). When analyzing the sufficiency of a complaint, courts are limited to the "well-pleaded factual allegations, documents central to or referenced in the complaint, and matters judicially noticed." La Grasta v. First Union Sec., Inc., 358 F.3d 840, 845 (11th Cir. 2004).

A complaint must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although there is no probability requirement at the pleading stage, "something beyond [a] mere possibility . . . must be alleged."

5

*Twombly*, 550 U.S. at 557-58 (citing *Durma Pharm., Inc. v. Broudo*, 544 U.S. 336, 347 (2005)). When, however, based on a dispositive issue of law, no construction of the factual allegations of the complaint will support the cause of action, dismissal is appropriate. *See* *Exec. 100, Inc. v. Martin Cty.*, 922 F.2d 1536, 1539 (11th Cir. 1991).


## III. DISCUSSION

### A. Insurance Policies in Georgia

"Whenever the language of a contract is plain, unambiguous, and capable of only one reasonable interpretation, no construction is required or even permissible, and the contractual language used by the parties must be afforded its literal meaning." *First Data POS, Inc. v. Willis*, 546 S.E.2d 781, 784 (Ga. 2001). Only when a contract is ambiguous do courts apply the rules of contract construction to resolve the ambiguity. *See* *Citrus Tower Boulevard Imaging Ctr., LLC v. Owens*, 752 S.E.2d 74, 81 (Ga. Ct. App. 2013). An ambiguous contract "leave[s] the intent of the parties in question." *Id.* (quoting *Coleman v. Arrington Auto Sales & Rentals*, 669 S.E.2d 414, 416 (Ga. Ct. App. 2008)).

Under Georgia law, insurance contracts are interpreted through the ordinary rules of contract construction with the goal of ascertaining the intention of the parties. *See* *Progressive*

6

Preferred Ins. Co. v. Brown, 413 S.E.2d 430, 431 (Ga. 1992); O.C.G.A. § 13-2-3.  When interpreting a particular contractual provision, it must be considered in the context of the entire contract.  See Caradigm USA LLC v. PruittHealth, Inc., ---F.3d---, 2020 WL 3886018 (11th Cir. 2020) (citing O.C.G.A. § 13-2-2(4)).  The Court must read an insurance policy "as a layman would read it and not as it might be analyzed by an insurance expert or an attorney."  U.S. Fire Ins. Co v. Hilde, 322 S.E.2d 285, 288 (Ga. Ct. App. 1984) (quotation omitted).  Finally, any ambiguity in an insurance policy will be construed against the drafter.  (See id.)

B. The Universal Life Policy and Its COI Provisions

This case revolves around the interpretation and interaction of three paragraphs in the Universal Life insurance policy.  The three paragraphs relate to how the COI rates are determined and are included in relevant part above.  Defendant argues that the Current Monthly Cost paragraph explicitly permits it to determine the monthly cost so long as it is no greater than the guaranteed monthly cost.  Defendant notes that the factors in the Guaranteed Monthly Cost paragraph – sex, attained age, and premium class – apply only to the calculation of the guaranteed monthly COI rate and not to the current monthly COI rate.

Plaintiff interprets the policy differently.  She argues that the "based on" language in the Policy Data Page paragraph permits COI rate changes *only* when based on the policy cost factors

7

described in the policy. She then argues that the only policy cost factors present in the policy are those found in the Guaranteed Monthly Cost paragraph, namely, the insured's sex, attained age, and premium class on date of issue. Finally, Plaintiff alleges that Defendant increased the COI rates for reasons other than those three "mortality factors." (See Pl.'s Resp. to Def.'s Mot. to Dismiss, Doc. 50, at 7-8.)

Courts have reached varying conclusions in considering similar disputes involving universal life insurance policies. Compare Coffman v. Pruco Life Ins. Co., No. 10-CV-03663, 2011 WL 4550152, at *3 (D.N.J. Sept. 29, 2011) (interpreting insurance policy to give discretion to insurer when calculating costs so long as the cost was below the guaranteed rate.); Baymiller v. Guarantee Mut. Life Co., No. SA CV 99-1566, 2000 WL 1026565, at *2 (C.D. Cal. May 3, 2000.) (interpreting insurance policy with monthly and guaranteed rate structure to give insurer discretion when determining rates below guaranteed rate); with Fleisher v. Phoenix Life Ins. Co., 18 F. Supp. 3d 456, 470-71 (S.D.N.Y. 2014) (interpreting "based on" to require insurer to use only factors included in policy when determining rates); Vogt v. State Farm Life Ins. Co., 963 F.3d 753, 763-64 (8th Cir. 2020) (same).

There are other cases beyond those listed above that have discussed the issue. However, the policies in the cases Plaintiff relies on for her reading of the phrase "based on" share a crucial

8

18

similarity that distinguish them from the policy in this case. The provisions in those policies governing how the monthly or current cost rate is determined explicitly include language that the rate will be based on mortality or other factors included in that provision. The policy in this case does not.

There is only one reasonable reading of the policy in this case: The current monthly COI rate is, as stated in the policy, "determined by the Company," so long as it is not greater than the guaranteed monthly COI rate. It is the guaranteed COI rate that is "based on the insured's sex, attained age and premium class on the date of issue." The Policy Data Page's language relating to "policy cost factors described in your policy" cannot be read to graft the mortality factors in the Guaranteed Monthly Cost Paragraph onto the Current Monthly Cost paragraph. Under this unambiguous reading the Complaint fails to state a claim because it was within Defendant's discretion to determine monthly COI rates below the guaranteed rate.

Finally, to the extent Plaintiff argues that this interpretation renders the Policy Data Page paragraph meaningless, that is not so. The Policy Data Page paragraph notifies the insured that his or her actual monthly COI rate may be different from the guaranteed rates shown in the table, and that the policy will explain how the actual rate is determined. And, as the Court has concluded, the plain language of the Current Monthly Cost

paragraph gives Defendant discretion to increase monthly COI rates.

## IV. CONCLUSION

Upon the foregoing, Defendant's motion to dismiss (Doc. 42) is **GRANTED**. The Clerk is directed to **TERMINATE** all remaining motions and deadlines, if any, **ENTER JUDGMENT** dismissing all of Plaintiff's claims with prejudice, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia this *13th* day of *August*, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

10

AO 450 (GAS Rev 10/03) Judgment in a Civil Case

# United States District Court
## *Southern District of Georgia*

VANESSA ANDERSON,
Individually and on Behalf
of a Class of Similarly
Situated Persons,

      Plaintiff,

        **v.**

WILCO LIFE INSURANCE COMPANY,

      Defendant.

JUDGMENT IN A CIVIL CASE

CASE NUMBER: CV 119-008

☐ **Jury Verdict.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☑ **Decision by Court.** This action came before the Court. The issues have been considered and a decision has been rendered.

### IT IS ORDERED AND ADJUDGED

that, in accordance with the Court's Order of August 13, 2020, Defendant's Motion to Dismiss is GRANTED. All of Plaintiff's claims are dismissed with prejudice, and this civil action stands CLOSED.

08/13/2020
*Date*

John E. Triplett, Acting Clerk
*Clerk*

*Tara H. Burton*
*(By) Deputy Clerk*

GAS Rev 10/1/03